## Perry v. Augustine

*Henry M. Ekker*, for plaintiffs.
*Archie O. Wallace*, for defendants.

McKAY, J., November 12, 1965.—This case is before the court upon plaintiff's motion for judgment on the pleadings. Plaintiff sued to recover for installing a heating system and incidental supplies in defendants' home under an agreement dated May 16, 1961. The answer averred that the system was installed during June and July 1961, and that the furnace was started in October of that year.

In a counterclaim filed July 14, 1965, defendants alleged that plaintiff's proposal contained a specific warranty that the heating system would "be able to heat at 75° inside at a —20° outside temp.," and averred that the system as installed did not meet this guaranty as was discovered after the furnace was started in October.

The reply to the counterclaim avers that the counterclaim is barred by the statute of limitations contained in the Sales Act portion of the Uniform Commercial Code.[1] The motion for judgment on the pleadings is based on that same reason.

The question thus raised is: when did this cause of action accrue? Normally, it would accrue, under the statute, when the heating system was delivered and installed: Rufo v. The Bastian-Blessing Company, 417 Pa. 107.

The date of installation mentioned in the counterclaim is indeterminate being "June and July". What date in June was it installed? The complaint does not say. If it was subsequent to July 14, 1961, as it could well have been, the statute of limitations would not have run on July 14, 1965, when the complaint was filed. For this reason alone, it could not be held as a matter of law that the counterclaim is barred by the four-year statute of limitations.

Further, it is our opinion that the specific warranty asserted in the counterclaim comes within the exception set forth in the act which reads: "Except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered".

---

[1] Act of October 2, 1959, P. L. 1023, sec. 2-725, 12A PS §2-725. The pertinent portions of the act read:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

Here, the warranty in question relates to what the heating system sold and delivered in June and July 1961, would do in the future, i.e., when it was tested under subzero temperature conditions. Discovery of a breach of that kind of a warranty in this climate would necessarily have to await winter weather. Hence, the cause of action could not have accrued until winter weather conditions prevailed, which would be some time after July 14, 1961, the date prior to which under plaintiffs' contention the statute would have to begin to run.

ORDER

Now, November 12, 1965, defendants' motion for judgment on the pleadings in the above-entitled case is overruled, and it is ordered that the case be set down for trial.