CENTENNIAL INSURANCE COMPANY v GENERAL ELECTRIC
COMPANY

1. Sales—Contracts—Future Warranties—Cause of Action—Accrual of Action—Breach of Contract—Statutes.

A warranty in a contract which extends to future performance must be explicitly stated in order to invoke an exception to the time when a cause of action normally accrues in an action for breach of a contract for sale (MCLA 440.2725[2]; MSA 19.2725[2]).

2. Sales—Contracts—Words and Phrases—Explicit.

Explicit is defined as not implied merely or conveyed by implication; it is distinctly stated, plain in language, clear, not ambiguous, express and unequivocal; the term means that which is so clearly stated or distinctly set forth that there is no doubt as to its meaning.

3. Sales—Contracts—Repair or Replacement Provisions—Separate Contracts—Breach of Contract—Statute of Limitations.

A one-year repair or replacement provision contained in a contract for sale is not a separate contract that is breached separately from the contract of sale; such a provision may not be used to extend the statute of limitations applicable to the whole contract of sale.

Appeal from Wayne, Neal Fitzgerald, J. Submitted December 8, 1976, at Detroit. (Docket No. 26439.) Decided March 3, 1977. Leave to appeal denied, 400 Mich 844.

Complaint by Centennial Insurance Company, as subrogee of The Detroit Edison Company, against

References for Points in Headnotes

[1–3] 67 Am Jur 2d, Sales §§ 434, 439.
[3] 67 Am Jur 2d, Sales §§ 538, 539.
    Statute of limitations: When cause of action arises on action against manufacturer or seller of product causing injury or death. 4 ALR3d 821.

General Electric Company, W. D. Gale, Inc., and others, for breach of warranty. The complaint was dismissed as to all defendants except General Electric. General Electric appeals by leave granted from the circuit court order denying its motion for accelerated judgment. Reversed.

*Sullivan, Ranger, Ward & Bone,* for plaintiff.

*Butzel, Levin, Winston & Quint* (by *John E. Jacobs),* for defendant.

Before: BRONSON, P. J., and BASHARA and C. L. HORN,* JJ.

PER CURIAM. Defendant appeals by leave granted from denial of its motion for accelerated judgment by the trial court. The Detroit Edison Company purchased from defendant General Electric a transformer which was shipped February 21, 1968 and arrived at the buyer's place of business March 4, 1968. Damage to the transformer was discovered on April 13, 1968, after it had been installed by defendant W. D. Gale, Inc., a contractor. Suit was begun March 13, 1972, by Centennial Insurance Company, as subrogee. Defendant based its motion for accelerated judgment on the statute of limitations found in § 2-725 of the Uniform Commercial Code. MCLA 440.2725; MSA 19.2725.

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

It is clear that whether tender of delivery is deemed to be made at the time of shipment by the seller or at the time of receipt by the purchaser, suit was not commenced within four years. However, plaintiff relies on the language of the contract's express warranty in an attempt to bring this action within the stated exception of subsection 2-725(2). The warranty language is set out in the margin.[1] We construe the language: "If it appears within one year from the date of shipment by the Company that the equipment * * * does not meet the warranties specified above * * * ", not as a warranty for future performance, but rather, a specification of the remedy to which buyer is entitled should breach be discovered within the first year. At best, it could be argued that the clause is ambiguous. But any ambiguity must be resolved in favor of the construction we adopt here, that the language in question is not a warranty of future performance, since in order to invoke the exception the purported future warranty must be "explicitly" stated.

---

[1] "The Company warrants to the Purchaser that the equipment to be delivered hereunder will be free from defects in material, workmanship and title and will be of the kind and quality designated or described in the contract. The foregoing warranty is exclusive and in lieu of all other warranties whether written, oral, or implied (including any warranty of merchantability or fitness for purpose). *If it appears within one year from the date of shipment by the Company that the equipment delivered hereunder does not meet the warranties specified above and the Purchaser notifies the Company promptly, the Company shall thereupon correct any defect,* including non-conformance with the specifications, at its option, either by repairing any defective part or parts or by making available at the Company's plant, a repaired or replacement part." (Emphasis added.)

"Statutory use of the word has been construed in other jurisdictions. In *Hvidsten v Northern Pac. Ry. Co.,* 76 ND 111; 33 NW2d 615 (1948), the court found there had been insufficient compliance with a North Dakota statute requiring administrative agencies to 'make and state concisely and explicitly its findings of fact * * * .' The court incorporated the definition of explicit contained in Webster's International Dictionary 2d ed:

" 'Explicit is defined * * * as "Not implied merely, or conveyed by implication; distinctly stated; plain in language; clear; not ambiguous; express; unequivocal." ' 76 ND 111, 121; 33 NW2d 615, 619.

"In *Harney v Spellman,* 113 Ill App 2d 463; 251 NE2d 265 (1969), as it construed § 2-401(2) of the Uniform Commercial Code, the court said:

" 'The term "explicit" means that which is so clearly stated or distinctly set forth that there is no doubt as to its meaning.' [113 Ill App 2d 463, 465], 251 NE2d 265, 266." *Binkley Co v Teledyne Mid-American Corp,* 333 F Supp 1183, 1186 (ED Mo, 1971).

Plaintiff's alternative argument that the one year repair or replacement provision constitutes a separate contract, that was breached separately from the contract of sale, is without merit. Plaintiff's argument is in essence that by failing to remedy its first breach, the defendant committed a second breach, giving rise to a brand new cause of action and starting anew the limitations period. The fallacy of this approach is apparent. If we adopted plaintiff's position, limitations periods could be extended for virtually infinite time. We doubt that the Legislature intended such a result.

The trial court erred in denying accelerated judgment in the defendant's favor.

Reversed. Costs to defendant.