■ JACOB M. SHAPIRO, Respondent, v LONG ISLAND LIGHTING COMPANY, Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of a contract for the sale of a water heater, the defendant Long Island Lighting Company appeals from an order of the Supreme Court, Nassau County, dated September 15, 1978, which denied its motion for summary judgment dismissing the complaint. Order reversed, on the law, with $50 costs and disbursements, and motion granted. The plaintiff, if he be so advised, may serve a new complaint upon the appellant within six months after entry of the order to be made hereon. In July, 1969 plaintiff contracted for and defendant delivered and installed a gas-fired water heater manufactured by Trageser Copper Works, Inc. The unit was sold under the following warranty: "TRAGESER 10-YEAR WARRANTY The water heater described here is guaranteed for 10 years against tank failure. We will furnish a complete replacement water heater if the tank develops a leak within 10 years after installation in a single family dwelling. Commercial guarantee is one year from date of installation. Cost of removal, reinstallation and delivery are not included." The plaintiff alleges that the tank failed late in December, 1974, causing extensive water damage to his property. The instant action was commenced on September 3, 1976, and the appellant moved to dismiss the complaint as time barred pursuant to either CPLR 213 (subd 2) or section 2-725 of the Uniform Commercial Code. The plaintiff argues that section 2-725 is applicable, and that although delivery was made in 1969, the warranty itself explicitly extends to future performance and his action falls within the exception contained in subdivision (2) of section 2-725. Since this contract is primarily a sales contract, section 2-725 of the Uniform Commercial Code is the applicable statute (cf. *Milau Assoc. v North Ave. Dev. Corp.,* 42 NY2d 482, 486; *Perlmutter v Beth David Hosp.,* 308 NY 100). In pertinent part, that section provides: "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Because the contract warranty is good for 10 years by its own terms, it is evident that it survives the four-year Statute of Limitations in some respects. The seller has promised to replace a defective unit for 10 years and that promise is undoubtedly enforceable by the buyer. A fair reading of this express warranty as a whole, however, shows that it promises only replacement, nothing more. It has been held that an agreement to repair does not amount to an explicit warranty of the future performance of the goods *(Owens v Patent Scaffolding Co. Div. of Harsco,* 77 Misc 2d 992, 998, revd on other grounds 50 AD2d 866). The principle applies with equal force to a guarantee to replace *(Centennial Ins. Co. v General Elec. Co.,* 74 Mich App 169). Thus, appellant did not explicitly promise that the unit would not malfunction; only that if it did, it would be replaced. Accordingly, the four-year Statute of Limitations applied and the complaint should have been dismissed. Plaintiff, however, is not necessarily left without a remedy. He may have alternative causes of action available to him. He may therefore commence a new action founded upon such causes of action within six months after entry of the order to be made hereon (see Uniform Commercial Code, § 2-725, subd [3];

CPLR 205, subd [a]; *Titus v Poole,* 145 NY 414, 422-423; *Kavanau v Virtis Co.,* 32 AD2d 754; see, generally, *Gaines v City of New York,* 215 NY 533, 539). Mollen, P. J., Damiani, O'Connor and Rabin, JJ., concur.