■ LIECAR LIQUORS, LTD., Doing Business as RIALTO LIQUOR STORE, Respondent, v CRS BUSINESS COMPUTERS, INC., Appellant. [613 NYS2d 298] —Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 8, 1993 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff alleges breach of contract and breach of warranty concerning a November 28, 1988 contract whereby plaintiff agreed to purchase from defendant an inventory register system with a pen scanner. The contract provided that "[a]ny action for breach of this Contract must be commenced within one year after the cause of action has accrued, except that an action for non-payment may be initiated at any time allowed by law". The contract further provided for a 90-day warranty "limited to the repair or replacement, F.O.B. factory from which shipped, of all parts proven to be defective and subject hereto". The contract specified that "[s]eller makes or assumes no other guarantee or warranty, express or implied, including without limitation the implied warranties of merchantability and fitness for a particular purpose, respecting the equipment described in the contract".

On or about December 12, 1988, the inventory register system was installed on plaintiff's premises. At such time, defendant delivered a different scanning attachment than the one ordered by plaintiff. Plaintiff allowed the register system

to become programmed yet rejected the nonconforming scanner. Although defendant promised to replace the scanner, when the proper scanning attachment was not promptly delivered plaintiff's counsel notified defendant by letter dated January 27, 1989 that he was canceling the contract. Counsel stated that "[i]f this matter is not resolved within * * * one week * * * to [Larry] Schwartzer's [the president of plaintiff] satisfaction I shall immediately commence an action and hold you responsible for the return of the monies, damages and legal expenses". The proper scanning attachment was delivered in mid-February of 1989. Contending that the equipment was nonoperational at the time of delivery, plaintiff's counsel again wrote to defendant indicating that he was canceling the contract. Counsel stated that he expected the moneys returned within one week "or an action shall be immediately commenced". Thereafter, defendant, on several occasions, had its technicians visit plaintiff's premises. Although defendant contends that based upon reports from its technicians the scanning attachment was fully operational, plaintiff contends that the system never worked properly.

On March 23, 1989, defendant wrote to plaintiff and reviewed the various service calls made to plaintiff's premises regarding the scanner, including the last visit on March 15, 1989 where its technicians were refused access to reinstall the system. With defendant noting that it brought such equipment back "to our office and tested it thoroughly for three days and found it to work with no problem", defendant states that "[w]e have acted in good faith, as we did in the past, and have fullfilled [sic] our obligation. When you want the scanner reinstalled there will be a charge for the time involved to install and test the unit."

Plaintiff's attorney responded by letter dated March 28, 1989 in which he detailed that "[y]ou have previously been advised that because of the defective machine and your inability to make it work properly, to remove it and to return any and all monies paid. I no longer will threaten you with any lawsuit because one is being prepared at this moment." Other than a communication on April 5, 1989 from defendant to plaintiff's counsel reiterating its belief that it had fulfilled its obligation under the contract, no further communications occurred.

Over one year later, on May 11, 1990, an action was commenced. After joinder of issue, defendant moved for summary judgment based upon the one-year contractual Statute of Limitations. After a hearing, Supreme Court denied defen-

dant's motion and found that the Statute of Limitations period had never tolled. We disagree.

We first note that there was no implied warranty of fitness for a particular purpose pursuant to UCC 2-315 as such was clearly excluded under the terms of the contract.

Addressing next the Statute of Limitations issue, it is uncontested that the parties reduced the period of limitations to one year. As to the accrual of the cause of action, UCC 2-725 (2) provides as follows: "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Here, the 90-day warranty was expressly limited to repair or replacement and, as such, would not be a warranty which extended to the future performance of the goods (see, Queensbury Union Free School Dist. v Walter Corp., 101 AD2d 992, 993, affd 64 NY2d 964; Shapiro v Long Is. Light. Co., 71 AD2d 671).

We find that the clear language of UCC 2-725 (2) dictates that the cause of action accrued in February 1989 when tender of delivery of the pen scanner was made. Even construing the facts in the light most favorable to plaintiff, the cause of action accrued at the very latest upon plaintiff's receipt of the letter from defendant dated March 23, 1989 taking the position that the system worked properly and would not be repaired or replaced. Hence, plaintiff's action is untimely.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.