■ DENNIS HULL et al., Appellants, v MOORE'S MOBILE HOMES STEBRA, INC., Also Known As STEBRA, INC., Doing Business as MOORE'S MOBILE HOMES, Respondent, et al., Defendants. [625 NYS2d 710] —White, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 26, 1994 in Greene County, which granted a motion by defendant Moore's Mobile Homes Stebra, Inc. for summary judgment dismissing the complaint against it as time barred.

When plaintiffs purchased a mobile home on June 25, 1987 from defendant Moore's Mobile Homes Stebra, Inc. (hereinafter Stebra), they were provided with a one-year limited war-

ranty issued by defendant Zimmer Homes of Pennsylvania,* the manufacturer of the mobile home. Under the warranty, which ran from the date of delivery, Zimmer agreed to repair or replace without charge substantial manufacturing defects in the home. After plaintiffs took delivery of the home in August 1987, Zimmer attempted to repair certain defects in November 1987 and February 1988. Apparently its efforts were unsuccessful, for on September 6, 1990 plaintiffs wrote Zimmer asking that it again repair the defects. Zimmer's failure to respond to this demand resulted in plaintiffs commencing this action for breach of warranty. Following joinder of issue, Stebra moved for summary judgment dismissing the complaint against it as time barred. Supreme Court granted the motion, prompting this appeal by plaintiffs.

We affirm. Supreme Court correctly applied the four-year Statute of Limitations embodied in UCC 2-725 (1) since the essence of the parties' contract was for the sale of goods rather than the rendition of services (see, Triangle Underwriters v Honeywell, Inc., 604 F2d 737, 742-743; Sawyer v Camp Dudley, 102 AD2d 914). Therefore, since plaintiffs' breach of warranty cause of action is deemed to have accrued when they took delivery of the mobile home in August 1987, this action, commenced on August 2, 1993, is time barred (see, UCC 2-725 [2]). Plaintiffs' argument that their cause of action accrued on the date the warranty was breached is unavailing because the warranty herein does not extend to the future performance of the goods as it was expressly limited to repair or replacement (see, Liecar Liqs. v CRS Bus. Computers, 205 AD2d 868).

Plaintiffs' reliance on Bulova Watch Co. v Celotex Corp. (46 NY2d 606) is also unavailing. There, a roofing materials supplier provided an express promise to repair the roof it installed for 20 years. The Court of Appeals found that the promise to repair was distinct from the contract to supply roofing materials and held that a cause of action accrues upon each breach of the agreement to repair (supra, at 611; see, Queensbury Union Free School Dist. v Walter Corp., 101 AD2d 992, affd 64 NY2d 964). In this case, since Zimmer last attempted to repair the defects in February 1988, during the one-year period the promise to repair was in effect, plaintiffs' action would be time barred since it was commenced more than four years after February 1988 (compare, Long Is. Light. Co. v Imo Indus., 6 F3d 876, 888-890).

---

* Zimmer has apparently filed a petition in bankruptcy.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.