NEBRASKA POPCORN, INC., APPELLANT, V. DENNIS WING,
DOING BUSINESS AS WING SCALE SERVICE, AND
CARDINAL SCALE MANUFACTURING COMPANY, APPELLEES.
602 N.W.2d 18

Filed November 5, 1999.    No. S-98-450.

Steven M. Curry, of Sampson, Curry & Hummel, P.C., for appellant.

Roger G. Steele, of Luebs, Leininger, Smith, Busick, Johnson, Baack, Placzek & Steele, for appellee Cardinal Scale Manufacturing Company.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Nebraska Popcorn, Inc., appellant, sued Dennis Wing, doing business as Wing Scale Service (Wing), and Cardinal Scale Manufacturing Company (Cardinal), for breach of warranty on a motor truck scale manufactured by Cardinal and sold by Wing to Nebraska Popcorn. Nebraska Popcorn appeals from the decision of the district court for Hall County which granted summary judgment in favor of Cardinal and dismissed the "Corrected Amended Petition" as to Cardinal. The trial court concluded that Nebraska Popcorn's claim against Cardinal was time barred by Neb. U.C.C. § 2-725 (Reissue 1992), the Uniform Commercial Code's 4-year statute of limitations. We affirm.

## STATEMENT OF FACTS
On October 16, 1992, Nebraska Popcorn, then operating under the name "Morrison Farms, Inc.," purchased a "Model 13570PRC-1 Low Profile Motor Truck Scale" from Wing. The scale was manufactured by Cardinal, and the sale price was $29,460. The scale was installed at Nebraska Popcorn's place of business on October 19.

The scale was certified for commercial use by the State of Nebraska's Department of Agriculture (State) on October 27, 1992. Beginning in September 1993, the scale began exhibiting errors. The State tested the scale on September 14 and found it unsuitable for commercial weighing.

Nebraska Popcorn contacted Wing which dispatched service technicians to repair the scale. The scale functioned properly for some time but began to exhibit errors again. The State rejected the scale for commercial use on October 3, 1994. A series of repairs by Wing and rejections by the State stretched over the next year.

After the State rejected the scale on January 11, 1996, Cardinal sent a service technician from its factory to repair the scale. The scale worked on and off until July 11, when the State rejected the scale and ordered it placed out of service.

On August 1, 1996, Nebraska Popcorn notified Wing and Cardinal that Nebraska Popcorn was revoking its acceptance of the scale and demanded return of the purchase price. Cardinal's technicians attempted repairs in late August. The scale weighed accurately for some time, but by November, it was again giving erroneous readings and was shut down.

Nebraska Popcorn filed suit against Wing and Cardinal on February 18, 1997. Nebraska Popcorn filed an amended petition on March 19 and a corrected amended petition (petition) on April 17, in which it alleged that "Cardinal warranted the scale for a period of two years to be free of defects." Cardinal filed an answer denying the allegation of a 2-year warranty. Cardinal further alleged, inter alia, that Nebraska Popcorn's action was barred by the statute of limitations. Cardinal's answer prayed that Nebraska Popcorn's petition be dismissed.

Cardinal filed a motion for summary judgment on January 21, 1998, based on the claim that Nebraska Popcorn's action was time barred. In support of its motion for summary judgment, Cardinal offered and the court received the affidavit of Craig Fisher, a customer service manager for Cardinal. In his affidavit, Fisher states: "Cardinal does not warrant the Model 13570PRC-1 Low Profile Motor Scale will be free of any defects for any number of years. Cardinal does not guarantee its performance for any number of years." In his affidavit, Fisher further states that "the only warranty that Cardinal offers for the Model 13570PRC-1 Low Profile Motor Scale" is found in exhibit A attached to his affidavit. Exhibit A is entitled "Statement of Limited Warranty." In the statement of limited warranty, Cardinal warranted that "it will repair or replace, at its option, any part of a Cardinal product which, in Cardinal's judgment, is defective in material or workmanship for a period of one (1) year from date of shipment." The statement of limited warranty also provides:

In addition to the standard one (1) year limited warranty, Cardinal Scale Manufacturing Company offers the following warranty on load cells.

Cardinal Scale warrants to the original purchaser that it will repair or replace, at its option, any load cell supplied with a motor truck scale which, in Cardinal's judgment, is defective in material or workmanship for a period of two (2) years from the date of original shipment. This warranty expressly excludes any load cell damaged by lightning, overvoltage, overloading, or submersion.

In response to Cardinal's motion for summary judgment, Nebraska Popcorn offered, and the court received, the affidavit of Frank Morrison, president of Nebraska Popcorn. In it, Morrison states, inter alia, that he was provided "written information" regarding the motor truck scale. The information was attached as exhibit A. Morrison further states that he was "informed that the scale was warranted for a period of two years including damage from lightening [sic]." Nebraska Popcorn's exhibit A is in part an advertising bulletin in which the features of a load cell are described and states: "That's why we offer a two year warranty*." The asterisk portion of the bulletin continues: "Statement of Limited Warranty available on request."

The district court granted Cardinal's motion for summary judgment on February 23, 1998, and dismissed Cardinal. The trial court found that the evidence was undisputed that Nebraska Popcorn's action, filed February 18, 1997, was not brought within 4 years after tender of delivery on October 19, 1992, and that the warranty given by Cardinal on the motor truck scale did not extend the 4-year statute of limitations set forth in Neb. U.C.C. art. 2 (Reissue 1992).

Nebraska Popcorn appealed. Prior to the July 15, 1998, effective date of Neb. Rev. Stat. § 25-705(6) (Cum. Supp. 1998), the dismissal of one of multiple defendants is a final, appealable order. *Bargmann v. State*, 257 Neb. 766, 600 N.W.2d 797 (1999); *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997); *Green v. Village of Terrytown*, 188 Neb. 840, 199 N.W.2d 610 (1972).

## ASSIGNMENT OF ERROR

Nebraska Popcorn claims that the trial court erred in granting Cardinal's motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record demonstrate that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999).

■ In reviewing an order of summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

■ The point at which a statute of limitations begins to run must be determined from the facts of each case, and the decision of the district court on the issue of the statute of limitations normally will not be set aside by an appellate court unless clearly wrong. *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999).

## ANALYSIS

*Shifting Burden in Summary Judgment.*

■ The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Kaiser v. Millard Lumber*, 255 Neb. 943, 587 N.W.2d 875 (1999). A prima facie case for summary judgment is shown by producing enough evidence to demonstrate that the movant is entitled to a judgment in its favor if the evidence were uncontroverted at trial. *Id.* After the movant makes a prima facie case for summary judgment, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Boyle v. Welsh*, 256 Neb. 118, 589 N.W.2d 118 (1999).

*Statute of Limitations Under Neb. U.C.C. art. 2.*

The parties agree that the underlying transaction in this case is a contract for the sale of goods subject to Neb. U.C.C. art. 2. Nebraska Popcorn's petition asserts a breach of warranty claim in connection with that transaction.

The statute of limitations applicable to contract claims under the Nebraska Uniform Commercial Code is set forth in § 2-725. Section 2-725(1) and (2) provides as follows:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

The foregoing statute by its terms provides that an action for breach of contract must be brought within 4 years after the cause of action has accrued and that the cause of action accrues when the breach occurs. § 2-725(1) and (2). It further provides that a breach of warranty generally occurs when tender of delivery is made. § 2-725(2). The statute makes an exception to the commencement of the 4-year period at the time of delivery in § 2-725(2) where the warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance. *Id.* In such a case, the cause of action accrues when the breach is or should have been discovered. *Id.*

■ This court has long held that in order to meet the exception based on a warranty of future performance, the warranty must be an express rather than an implied warranty and that the warranty must *explicitly* extend to future performance. *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992); *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb.

559, 279 N.W.2d 603 (1979). In *Celotex Corp.*, we rejected the argument that a bond in which the surety guaranteed that it would repair leaks in a roof for 20 years constituted an explicit warranty of future performance of the roofing materials. In *Celotex Corp.*, we stated that the exception contained in § 2-725(2) "applies only where the seller *explicitly* states, for example, that the product will 'last for 10 years.'" (Emphasis in original.) 203 Neb. at 568, 279 N.W.2d at 609.

▉ Similar to our holding in *Celotex Corp.*, which was limited to a bond providing a guarantee to repair, the majority of other jurisdictions have found that a warranty given by a manufacturer or seller "to repair or replace" does not constitute an explicit warranty of future performance of goods for purposes of § 2-725(2), and therefore the promise to repair or replace does not extend the commencement of the running of the statute of limitations. *Tittle v. Steel City Oldsmobile GMC*, 544 So. 2d 883 (Ala. 1989) (repair or replace language does not guarantee that goods will perform free of defects; rather, it anticipates that defects will occur); *Boyd v. A.O. Smith Harvestore Products*, 776 P.2d 1125 (Colo. App. 1989) (unlike warranty to repair or replace, warranty of future performance does not assume that product will not perform and will need repair or replacement); *Flagg Energy Devel. v. General Motors*, 244 Conn. 126, 709 A.2d 1075 (1998) (repair or replacement clause provides buyer no relief other than that expressly promised and is not promise of future performance); *Centennial Ins v General Electric*, 74 Mich. App. 169, 253 N.W.2d 696 (1977) (repair or replace language is specification of remedy and does not explicitly state warranty of future performance); *Liecar Liquors v. CRS Business Computers*, 205 A.D.2d 868, 613 N.Y.S.2d 298 (1994) (warranty expressly limited to repair or replacement would not be warranty which extended to future performance of goods); *Kline v. U.S. Marine Corp.*, 882 S.W.2d 597 (Tex. App. 1994) (repair or replace language provides a remedy if goods fail and does not explicitly extend to future performance; future performance exception is construed narrowly, with emphasis on term "explicitly"). But see *Wienberg v. Independence Lincoln-Mercury*, 948 S.W.2d 685 (Mo. App. 1997) (finding under Missouri law that repair or replacement language does not nul-

lify future performance warranty, but, rather, limits remedy for breach of warranty of future performance to repair or replacement). Cases such as the foregoing generally reason that the future performance exception in § 2-725(2) should be narrowly construed to include only those warranties that explicitly guarantee the proper performance of goods for some period of time into the future. A warranty to repair or replace does not guarantee proper performance. Rather, it anticipates potential defects and specifies the buyer's remedy during the stated period. We agree with the rationale of the foregoing cases and extend our reasoning in *Celotex Corp.* to hold that a warranty to repair or replace, without more, is not an explicit warranty of future performance and will not extend the commencement of the 4-year statute of limitations set forth in § 2-725(1).

For the sake of completeness, we note that under an unusual set of facts in which the parties stipulated that the description of goods as "siding" carried with it the representation that the goods would last the lifetime of the house, we stated that an express warranty may arise under Neb. U.C.C. § 2-313 (Reissue 1992) from a description of the goods which becomes a part of the basis of the bargain. *Moore v. Puget Sound Plywood*, 214 Neb. 14, 332 N.W.2d 212 (1983). In the circumstance in which a buyer claims that a warranty has been made part of the basis of the bargain, the buyer must prove reliance upon the warranty to extend the commencement of the 4-year statute of limitations of § 2-725(1). *Hillcrest Country Club v. N.D. Judds Co.*, 236 Neb. 233, 461 N.W.2d 55 (1990). Our holding in the instant case does not alter the holdings in these cases.

*Statute of Limitations on Nebraska Popcorn's Action.*

In ruling on the motion for summary judgment, the district court had, inter alia, two exhibits to consider. Cardinal offered the affidavit of Fisher, a customer service manager for Cardinal, and Nebraska Popcorn offered the affidavit of Morrison, its president.

As noted above, Fisher asserted in his affidavit that the model 13570PRC-1 low profile motor truck scale at issue was covered by a limited warranty, a copy of which was attached to the affidavit. Fisher stated that the attached limited warranty was the

only warranty that Cardinal offered on that model. Fisher further asserted that Cardinal did not warrant that the scale would be free of any defects for any number of years and that Cardinal did not guarantee the performance of the scale for any number of years.

The statement of limited warranty attached to Fisher's affidavit provides that "Cardinal Scale warrants to the original purchaser that it will repair or replace, at its option, any part of a Cardinal product which, in Cardinal's judgment, is defective in material or workmanship for a period of one (1) year from date of shipment." In addition to the standard 1-year limited warranty, the statement of limited warranty provides:

Cardinal Scale warrants to the original purchaser that it will repair or replace, at its option, any load cell supplied with a motor truck scale which, in Cardinal's judgment, is defective in material or workmanship for a period of two (2) years from the date of original shipment. This warranty expressly excludes any load cell damaged by lightning, overvoltage, overloading, or submersion.

In the present case, there is no dispute that the scale was delivered to Nebraska Popcorn on October 19, 1992. There is also no dispute that Nebraska Popcorn filed its action on February 18, 1997. Therefore, absent an express warranty of future performance which would toll the commencement of the running of the statute of limitations, the statutory period for bringing an action expired on October 19, 1996, which was 4 years after delivery, and Nebraska Popcorn's action was not filed until 4 months after the statute ran.

The evidence produced by Cardinal established that Cardinal did not explicitly guarantee the future performance of the scale for any number of years nor did it give a warranty that the scale would be free of defects for any number of years. Fisher asserted in his affidavit that the only warranty Cardinal gave was that set forth on the attached exhibit entitled "Statement of Limited Warranty." The language of the statement of limited warranty demonstrates that it was a warranty to repair or replace defective parts during the specified periods: 1 year as to any part and 2 years as to the load cell. Such a warranty is not a warranty of future performance; it does not warrant that the scale will be free of defects nor does it explicitly guarantee the scale's proper

performance for any period of time. Instead, it is a limited warranty which promises that Cardinal will repair or replace any part that is found to be defective during the specified periods of time. The warranty given by Cardinal is not a warranty which explicitly extends to future performance under § 2-725(2). *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979). See, similarly, *Tittle v. Steel City Oldsmobile GMC*, 544 So. 2d 883 (Ala. 1989); *Boyd v. A.O. Smith Harvestore Products*, 776 P.2d 1125 (Colo. App. 1989); *Flagg Energy Devel. v. General Motors*, 244 Conn. 126, 709 A.2d 1075 (1998); *Centennial Ins v General Electric*, 74 Mich. App. 169, 253 N.W.2d 696 (1977); *Liecar Liquors v. CRS Business Computers*, 205 A.D.2d 868, 613 N.Y.S.2d 298 (1994); *Kline v. U.S. Marine Corp.*, 882 S.W.2d 597 (Tex. App. 1994).

The foregoing evidence submitted by Cardinal showed that the warranties applicable to the motor truck scale at issue were to repair or replace and were not warranties of future performance, and therefore, the 4-year statute of limitations in § 2-725(1), commencing upon delivery, see § 2-725(2), controlled. Cardinal met the burden of providing sufficient evidence to demonstrate that if such evidence were uncontroverted at trial, Nebraska Popcorn's action was time barred, and Cardinal was entitled to judgment as a matter of law. Because Cardinal met its burden of producing sufficient evidence to demonstrate that Nebraska Popcorn's action was time barred and Cardinal was entitled to judgment as a matter of law, Nebraska Popcorn had the burden to bring forth evidence to show a genuine issue of material fact that would prevent entry of judgment in Cardinal's favor as a matter of law. See *Boyle v. Welsh*, 256 Neb. 118, 589 N.W.2d 118 (1999). In other words, Nebraska Popcorn needed to bring forth evidence showing a genuine issue as to whether the statute of limitations had been extended beyond February 18, 1997, the date it filed its action.

Nebraska Popcorn submitted Morrison's affidavit in opposition to Cardinal's motion for summary judgment. Morrison's affidavit and the materials attached thereto speak to the warranty issue. Morrison asserts in paragraph 6 of his affidavit:

> I was assured by Wing Scale and by the information provided by Cardinal Scale Manufacturing that the Cardinal

Model 13570PRC-I was made with the finest materials, the best production methods, and manufactured to the strict guidelines of the National Institute of Standards and Technology; and that it would meet all the needs of Morrison Farms, Inc. in its commercial business.

Morrison states in paragraph 7 of his affidavit that "I was further informed that the scale was warranted for a period of two years including damage from lightening [sic]."

Morrison's statement in paragraph 6 asserts a warranty as to the condition of the scale at the time of delivery and its suitability for the purpose intended. The written information from Cardinal attached to Morrison's affidavit contains statements which are consistent with the assurances regarding the scale to which Morrison refers in paragraph 6 of his affidavit. To the extent these materials amount to a promise, such warranty is limited to the condition of the scale at the time of delivery. Although such statements may become part of the basis of the bargain and, therefore, create express warranties under § 2-313, see *Moore v. Puget Sound Plywood*, 214 Neb. 14, 332 N.W.2d 212 (1983), the statements in the instant case are limited to the condition of the scale at the time of delivery and do not warrant the future performance of the scale. Therefore, Morrison's statement in paragraph 6 of the affidavit does not show that the scale was warranted for future performance. See *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979) (stating warranty of future performance must state period of time during which proper performance is warranted).

Morrison states in paragraph 7 of his affidavit that the scale was "warranted for a period of two years." This statement is not an explicit assertion that the scale was warranted for future performance. See *Celotex Corp., supra* (stating that warranty of future performance must be explicit). Morrison's further assertion that the warranty included "damage from lightening [sic]" does not reasonably infer that the scale was explicitly warranted for future performance, but, rather, the language regarding damage from lightning indicates that it was a warranty to repair or replace in the event of damage to the scale from lightning. The statements in paragraph 6 and 7 of Morrison's affidavit did not

reasonably establish that Nebraska Popcorn had been given a warranty of future performance.

Morrison attached to his affidavit copies of written information he was provided in connection with the purchase of the truck scale. Included in the attachments is Wing's proposal regarding the scale. Wing's proposal states that "[t]his scale system has a two year warranty against lightning damage." This comports with the warranty to which Morrison refers in paragraph 7 of his affidavit. Such language is not a warranty of future performance, but is a warranty that the scale will be repaired or replaced in the event it is damaged by lightning. There is no claim of damage by lightning in this case. Such a warranty does not warrant future performance and does not extend the statute of limitations in this case.

Finally, the written information which Morrison states Nebraska Popcorn received from Cardinal contains information regarding the load cell used in the motor truck scale. The bulletin states that the load cell "is backed by a two year warranty," and that a "Statement of Limited Warranty" is available on request. The statement of limited warranty provided by Cardinal in support of its motion for summary judgment indicates that the 2-year provision attendant to the load cell is limited to repair and replace the load cell, and as we have noted, such warranty is not a warranty of future performance which extends the statute of limitations.

In sum, neither Morrison's statements nor the statements in the materials attached to Morrison's affidavit provide evidence that or reasonably support the inference that Cardinal explicitly warranted the future performance of the scale for any period of time.

Cardinal's evidence established that its warranty was to repair and replace and was not a warranty of future performance, the statute of limitations was not extended, Nebraska Popcorn's action was time barred, and Cardinal was entitled to judgment as a matter of law. Nebraska Popcorn did not meet its burden of showing a genuine issue as to whether Cardinal explicitly warranted the scale for future performance. Giving Nebraska Popcorn all reasonable inferences from the evidence, there was no genuine issue of material fact, and the grant of summary

judgment in favor of Cardinal and the dismissal of Nebraska Popcorn's petition as to Cardinal were proper.

## CONCLUSION

The evidence submitted in support of Cardinal's motion for summary judgment established that Nebraska Popcorn's cause of action based on breach of warranty was time barred under § 2-725(1) as a matter of law. Nebraska Popcorn did not meet its subsequent burden to show a genuine issue of material fact preventing entry of judgment. We, therefore, affirm the decision of the district court granting Cardinal's motion for summary judgment and dismissing Cardinal.

AFFIRMED.