747 A.2d 214

**Charles JOSWICK et ux.**

v.

**CHESAPEAKE MOBILE HOMES, INC., et al.**

**No. 402, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

March 2, 2000.

Andrea G. Green, Newark, DE, for appellants.

Amy Leete Leone (Robert B. Hetherington and McCarthy, Wilson & Ethridge, on the brief), Rockville, for appellee, Brigadier Homes.

Bruce G. Harris, Baltimore, on the brief, for appellee, Sterling Bank & Trust Co.

Eamonn J. Gordon, Bel Air, on the brief, for appellee, Chesapeake Mobile Homes, Inc.

Argued before MURPHY, C.J., and EYLER and PAUL E. ALPERT (Ret., specially assigned), JJ.

PAUL E. ALPERT, Judge (Ret., specially assigned).

While the Uniform Commercial Code ("U.C.C.") has been effective in Maryland for thirty-five years, occasionally a problem arises that has not yet been addressed by a Maryland appellate court. This is such a case. The Circuit Court for Harford County granted summary judgment motions for appellees Chesapeake Mobile Homes, Inc. ("Chesapeake"), Brigadier Homes of North Carolina, Inc. ("Brigadier"), and Sterling Bank and Trust Co., ("Sterling") against appellants Charles and Bridget Joswick ("the Joswicks"), who present the following question for our review, rephrased as follows:

Does an express warranty for a mobile home to be free from substantial defects of material and workmanship for twelve months with the exclusive remedy of repair or replacement constitute a warranty of future performance for purposes of implementing the discovery rule of the statute of limitations for goods governed by the commercial law article?

## I.   Background

This claim arises out of a purchase of a mobile home by appellants in March 1988. The order for the mobile home was placed with appellee Chesapeake, manufactured by appellee Brigadier, and financed by an installment sales agreement through appellee Sterling. It was not until February 1995, according to appellants, that they discovered that the mobile home (particularly the roof) was improperly constructed resulting in substantial damage to the interior of the home and the roof.[1]

---

**1.** There was some dispute between the parties over whether the roof was indeed improperly constructed. However, these disputes are irrelevant to this appeal.

Appellants filed a claim against appellees on June 26, 1997, in the District Court for Harford County on a breach of warranty theory.[2] On August 14, 1997, appellee Brigadier filed a jury demand, followed by appellants' amended complaint in the Circuit Court for Harford County filed September 2, 1997. The court granted appellees separate motions for summary judgment on the ground that appellants' claims were barred by the statute of limitations on December 21, 1998, March 15, 1999, and April 8, 1999. This appeal followed.

## II. Discussion

### A. The Summary Judgment

The circuit court granted the motions for summary judgment concluding that, although the warranty was a warranty for future performance, appellants were barred by the statute of limitations because the defect was not discovered during the applicable warranty period.

The limited warranty at issue between appellants and appellee Brigadier provides in pertinent part:

> Brigadier Homes of North Carolina, Inc., ("the Manufacturer") warrants this mobile home, including the structure, plumbing, heating, and electrical system, when purchased new, to be free from substantial defects of material and workmanship under normal use and service for a period of twelve (12) months from date of delivery to the first retail purchaser, and that the mobile home complies with statute, code, and rules in effect on date of its manufacture in the state in which the retail seller is located and in which the sale to the first retail purchaser occurred. This limited warranty does not extend to damage resulting from misuse, unauthorized repairs, additions or alterations, or improper transportation or set-up or ground settlement. The Manufacturer does not warrant the tires, stove, smoke detectors,

---

**2.** The specific contents of the warranty are included in Part II of this opinion as they relate to the question of whether it was a warranty of future performance rendering the discovery rule applicable to toll the statute of limitations.

refrigerator, furnace, air conditioner, water heater, washer, dryer, dishwasher, garbage disposal, beds, furniture, or other appliances or accessories. These are warranted separately by their respective manufacturers. The Manufacturer does not warrant any appliances or equipment installed by the retail seller.

The exclusive remedy under this limited warranty is "the *Manufacturer's obligation to repair or replace*, at its option without cost to the purchaser, or his transferee, at the site of the mobile home, any defective part or parts within the scope of this limited warranty [emphasis added]. . . ."

The circuit court reviewed applicable law and the language of the warranty at hand in concluding that the warranty extended to future performance. The court stated that:

It is clear from the language of defendant's ... warranty that the parties intended that it should extend, at least to a limited degree, to future performance.

The court relied on the first portion of the warranty, and did not address the exclusive remedy portion in concluding that the language was "explicit and unambiguous, naming a twelve month period in which the buyer can expect the product to be free from substantial defects."

The trial court relied on the decision reached in *In re Lone Star Indus., Inc., Concrete R.R. Cross Ties Litig.*, 776 F.Supp. 206, 219 (D.Md.1991), where a warranty providing that "Amtrak shall notify Lone Star of any breach of warranties ... within one year of delivery," was found to be ambiguous to the court, thus denying summary judgment. *Id.* Apparently, in the instant case, there was no consideration below of the repair and replacement provisions of the warranty.

The circuit court, however, concluded that appellants' claims were still barred by the statute of limitations. The court stated that the warranty began on the "date of delivery," March 17, 1988, and continued until March 17, 1989, thus a claim for breach of warranty in the instant case was tenable until March 17, 1993, four years after the warranty expired. Plaintiffs filed their suit on August 14, 1997, which

is beyond the statute of limitations for a breach of warranty claim.

▮▮▮▮ The standard for appellate review of a summary judgment is whether the trial court was "legally correct." *Commercial Union v. Harleysville*, 110 Md.App. 45, 51, 675 A.2d 1059 (1996) (citing *Baltimore Gas & Elec. Co. v. Lane*, 338 Md. 34, 656 A.2d 307 (1995)). The circuit court's "legal determinations are not entitled to a presumption of correctness; this Court must apply the law as it understands the law to be." *Hoffman v. United Iron & Metal Co., Inc.*, 108 Md.App. 117, 132, 671 A.2d 55 (1996) (citing *Rohrbaugh v. Estate of Stern*, 305 Md. 443, 446 n. 2, 505 A.2d 113 (1986)).

▮▮▮▮ While we agree that the motions should have been granted, we shall assign different reasons for that decision as we shall discuss in Part II of this opinion. We therefore affirm the summary judgment, but on a different ground. "Ordinarily, an appellate court will not affirm a summary judgment by ruling on a ground not ruled upon by the trial court [unless] the alternative ground is one as to which the trial court had no discretion." *Thomas v. City of Annapolis*, 113 Md.App. 440, 450, 688 A.2d 448 (1997) (citing *Maryland Cas. Co. v. Lorkovic*, 100 Md.App. 333, 357, 641 A.2d 924 (1994)).

The circuit court granted the motions on the ground that the warranty did extend to future performance, but that the claim was barred by the statute of limitations because the defect was not discovered in time. We, by the same token, hold that the claim was barred by the statute of limitations but for a different reason, *i.e.*, that it was a repair and replacement warranty, an alternative not within the trial court's discretion.[3] Thus, we may affirm the summary judgment on a different ground. *See Leonard v. Fantasy Imports, Inc.*, 66 Md.App. 404, 504 A.2d 660 (1986) (reversing the circuit court's

---

3. Neither party, nor the circuit court, considered that the warranty was a repair and replacement warranty, not future performance, barring the claim by the statute of limitations no matter when the defect was discovered.

decision to grant a summary judgment in favor of appellees, and instead granting summary judgment for appellants based on the fact that the issue was not of fact, but of law).

## B. Warranty as to Future Performance

Appellants contend that their warranty was a warranty for future performance rendering suit filed within four years from the date of discovery of the defect within the applicable statute of limitations.

This case turns on whether their warranty extended to future performance because otherwise appellants' claim is barred by the statute of limitations. The mobile home purchased by appellants constituted "goods" under the Maryland Commercial Law Article, for which the applicable statute of limitations is governed by § 2–725 of the Article providing:

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

■ We are unaware of Maryland authority determining a "warranty for future performance," thus we turn to other reputable sources for guidance. For a warranty to be considered one of future performance for purposes of § 2–725,

the terms of the warranty must unambiguously and explicitly indicate that the manufacturer is warranting the future performance of the goods for a specified period of time.

*In re Lone Star Indus., Inc., Concrete R.R. Cross Ties Litig.,* 776 F.Supp. 206, 219 (D.Md.1991) (citing *R.W. Murray Co. v. Shatterproof Glass Corp.,* 697 F.2d 818 (4th Cir.1983)). The word "explicit" has been defined by the courts as

not implied merely, or conveyed by implication; distinctly stated; plain language; clear; not ambiguous; express; unequivocal.

*Id.* (citing *Binkley Co. v. Teledyne Mid–America Corp.*, 333 F.Supp. 1183 (E.D.Mo.1971)).

■ Courts have strictly construed the definition of a warranty for future performance:

> Most courts have been very harsh in determining whether a warranty explicitly extends to future performance. Emphasizing the word "explicitly," they have ruled that there must be specific reference to a future time in the warranty.

*Standard Alliance Indus., Inc. v. The Black Clawson Co.*, 587 F.2d 813, 820 (6 th Cir.1978). Future performance warranties exist when the language of the contract "necessarily contemplates a reasonable period of performance during which the defect or failure would manifest itself." *Lone Star*, 776 F.Supp. at 219 (citing *Iowa Mfg. Co. v. Joy Mfg.*, 206 Mont. 26, 669 P.2d 1057, 1060 (1983)).

Despite the skepticism involved in deciding warranties of future performance, cases involving specific unambiguous language indicating the aforementioned qualifications have been held to be warranties of future performance. *See St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l, Inc.*, 264 A.D.2d 652, 696 N.Y.S.2d 117 (1999)(holding that an express warranty providing that the product "be free from manufacturing defects and will not break down or deteriorate for a period of 5 years from the date of installation" to be a warranty of future performance because the "plain wording of the warranty provision" was explicit.).[4]

Several other cases concluded that the warranties were for future performance based on the explicit language contained in the warranty. *See Salt Lake City Corp. v. Kasler Corp.*, 842 F.Supp. 1380, *rev'd on other grounds*, 855 F.Supp. 1560 (D.Utah 1994) (product will "satisfactorily perform at all times," "work properly for a lifetime," and "give satisfactory service at all times" are explicit language); *Hillcrest Country*

---

**4.** *See also U.C.C. Case Digest,* §§ 2725.21(1–10)(West 1999); White & Summers, *U.C.C.,* § 11–9 (4 th ed.1995); 2 Hawkland, *U.C.C.Code Series* § 2–725:2 (1999); Ronald Anderson, *U.C.C.,* § 2–725:122–129 (3 rd ed.1994).

*Club v. N.D. Judds Co.* 236 Neb. 233, 461 N.W.2d 55 (1990)(20 year warranty on a roof providing that "all work will be of good quality, free from faults and defects and in conformance with the Contract Documents"); *Moore v. Puget Sound Plywood, Inc.*, 214 Neb. 14, 332 N.W.2d 212 (1983)(warranty that siding would last for life of house); *Anderson v. Crestliner, Inc.*, 564 N.W.2d 218, 221 (Minn.Ct.App.1997) (warranty that boat shall be "free from any defects in material or workmanship for five years"); *The Church of the Nativity of Our Lord v. WatPro, Inc.*, 474 N.W.2d 605, 611 (Minn.Ct.App.1991) ("expressly warranted that the roof would remain watertight for ten years"); *Mittasch v. Seal Lock Burial Vault, Inc.*, 42 A.D.2d 573, 344 N.Y.S.2d 101 (1973) (burial vault will give "satisfactory service at all times"); *Rempe v. General Electric Co.*, 28 Conn.Supp. 160, 254 A.2d 577 (1969)(expressly warranted that an automobile would last for certain mileage or four years whichever occurred first); *Perry v. Augustine*, 37 Pa. D. & C.2d 416 (1965)(warranty that heating system would be "able to heat at 75 degrees inside at minus 20 degrees outside," where warrantee purchased system in July); *Providence Village Townhouse Condo. Ass'n v. Amurcon–Loudoun Co.*, 24 U.C.C. Rep. Serv.2d 864, 1994 WL 740045 (Va. Cir. Ct.1994) (warranty that plywood would "last for the life of the roof.").

■ It is essential, however, to "distinguish between a warranty as to future performance and a limitation of remedy in the form of a commitment to repair or replace for a stated period of time." Ronald Anderson, U.C.C. § 2–725:129 (3rd ed.1994); *see also R.W. Murray v. Shatterproof Glass Corp.*, 697 F.2d 818 (8th Cir.1983); *Shapiro v. Long Island Lighting Co.*, 71 A.D.2d 671, 418 N.Y.S.2d 948 (1979). A warranty to repair or replace does not ensure future performance, "rather, it anticipates potential defects and specifies the buyer's remedy during the stated period." *Nebraska Popcorn, Inc. v. Wing*, 258 Neb. 60, 602 N.W.2d 18, 24 (1999).

In *Nebraska Popcorn*, a limited warranty for a motor truck scale provided that "it will repair or replace . . . any part . . .

[that] is defective in material or workmanship for a period of one (1) year from date of shipment." *Id.* at 62. The court held that this was a warranty to repair or replace and not a warranty as to future performance because there was no explicit guarantee that the product would be free from defects for a specified number of years.

While this distinction between warranties as to future performance and warranties to repair and replace is an issue of first impression in Maryland, we find the analysis implemented in states outside of Maryland persuasive in concluding that the warranty provided to appellants in the case at bar was one not for future performance, but rather a warranty to repair and replace. A repair or replace warranty is specific to that particular remedy alone, and does not explicitly guarantee any future performance. *See Flagg Energy Dev. v. General Motors*, 244 Conn. 126, 709 A.2d 1075 (1998); *Liecar Liquors v. CRS Bus. Computers*, 205 A.D.2d 868, 613 N.Y.S.2d 298 (1994).

Several cases outside of Maryland have found the language provided in the specific warranty, or the accompanied remedy, to be of the repair and replace variety.[5] In *Centennial Ins. v. General Elec. Co.*, 74 Mich.App. 169, 253 N.W.2d 696 (1977), the Court of Appeals of Michigan held that a warranty providing that "the equipment to be delivered hereunder will be free from defects in material, workmanship and title and will be of the kind and quality designated or described in the contract" was a warranty to repair or replace. The following language set forth in the remedy section of the warranty proved persuasive to the court in its holding:

> If it appears within one year from the date of shipment by the Company that the equipment delivered hereunder does not meet the warranties specified above and the Purchaser notifies the Company promptly, the Company shall thereupon correct any defect, including non-conformance with the

---

**5.** *See U.C.C. Case Digest*, §§ 2725.21(11–13)(West 1999); White & Summers, *U.C.C.* § 11–9 (4 th ed.1995); 2 Hawkland, *U.C.C.Code Series*, § 2–725:2 (1999); Ronald Anderson, *U.C.C.*, § 2–725:129 (3 rd ed.1994).

specifications, at its option, either by repairing any defective part or parts or by making available at the Company's plant a repaired or replacement part.

*Id.* at 697 n. 1. The Court construed the language "not as a warranty for future performance, but rather, a specification of the remedy to which buyer is entitled should breach be discovered within the first year." *Id.*

Similarly, the Supreme Court of Kansas in *Voth v. Chrysler Motor Corp.*, 218 Kan. 644, 545 P.2d 371 (1976), held a limited warranty to be a repair and replacement and not one of future performance, where the warranty provided in pertinent part:

[Warranted] . . . only against defects in material and workmanship in normal use as follows: (1) the entire vehicle (except tires) for 12 months or 12,000 miles . . . whichever occurs first . . . the engine block, head and all internal engine parts . . . for 5 years or 50,000 miles of operation . . . which ever occurs first, from the date of such sale or delivery. Any part of this vehicle found defective under the conditions of this warranty will be repaired or replaced. . . .

*Id.* at 375. Upon an examination of the specific language of the warranty and § 2–725 of the U.C.C., the court concluded that the warranty did not explicitly extend to the future performance of the vehicle nor that "discovery of the breach must have awaited the time of such performance," thus it was a repair and replacement warranty. *Id.* at 378.

Because the language must be explicit, clear and unambiguous, courts have often found warranties to be of the repair and replacement variety. *See, e.g., Frey Dairy v. A.O. Smith Harvestore Prod., Inc.*, 886 F.2d 128 (6th Cir.1989)(express repair and replacement warranty because buyer agreed in contract that it was his "exclusive remedy to which he was entitled"); *Tittle v. Steel City Oldsmobile GMC Truck, Inc.*, 544 So.2d 883 (Ala.1989)(providing warranty for repair or replacement of vehicle for certain mileage or months passed); *Grand Island School Dist. v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979) (providing guaranty to repair for 20 years); *Cosman v. Ford Motor Co.*, 285 Ill.App.3d 250, 220 Ill.Dec.

790, 674 N.E.2d 61 (1996)(providing for repair, replacement, or adjustment of all defective parts for 6 years or 60,000 miles after delivery date for a motor home is not a future performance warranty because it promises something with the sale and does not warrant the quality of vehicle or its performance); *The Dreier Co., Inc. v. Unitronix Corp.*, 218 N.J.Super. 260, 527 A.2d 875 (1986) (equipment for installation of computer system warranted for 180 days with only servicing, repair or replacement remedy); *Hull v. Moore's Mobile Homes Stebra, Inc.*, 214 A.D.2d 923, 625 N.Y.S.2d 710 (1995)(warranty expressly limited to repair or replacement of substantial manufacturing defects for period of one year); *Liecar Liquors Ltd. v. CRS Bus. Computers, Inc.*, 205 A.D.2d 868, 613 N.Y.S.2d 298 (1994)(90 day warranty expressly limited to repair and replacement); *Poppenheimer v. Bluff City Motor Homes, Div. of Bluff City Buick Co.*, 658 S.W.2d 106 (Tenn.Ct.App.1983)(motor home warranty covering only defects in material or workmanship on home for 12 months or 12,000 miles, whichever comes first, not an explicit reference to future performance, and was warranty to repair and replace); *Ranker v. Skyline Corp.*, 342 Pa.Super. 510, 493 A.2d 706 (1985) (warranty for travel trailer providing a one year warranty for correction of defects not future performance because merely defined buyer's remedy if a defect were to be discovered).

We hold that appellees were extending a warranty to repair and replace. The warranty specifically provided that the mobile home was to be free from "substantial defects of material and workmanship.... for a period of twelve months." From a quick glance, this may appear to be a warranty as to future performance, however, the exclusive remedy available to appellants was to "repair or replace ... any defective part or parts within the scope of this limited warranty." Based on applicable law and the specific language of the limited warranty at hand, we are persuaded that because the only remedy available to appellants was repair and replacement, the warranty was a promise to cure defects, and not an "explicit reference to future performance."

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANTS