■ Terry M. Meron, Individually and Doing Business as Meron Construction, et al., Respondents-Appellants, v Ward Lumber Company, Inc., Respondent, and IKO Industries, Inc., Appellant. (And Another Related Action.) [779 NYS2d 597]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (McGill, J.), entered April 30, 2003 in Clinton County, which, inter alia, denied a motion by defendant IKO Industries, Inc. for summary judgment dismissing the complaint and cross claims against it, and (2) from an order of said court, entered September 2, 2003 in Clinton County, which, upon reargument, granted a motion by defendant Ward Lumber Company, Inc. for summary judgment dismissing the complaint and cross claims against it.

In 1988, plaintiffs purchased roofing shingles from defendant Ward Lumber Company, Inc., a building supply company, for installation on the roofs of their hotel complex then under

construction. The shingles were manufactured by defendant IKO Industries, Inc. and were accompanied by an IKO printed limited warranty which stated that the shingles were "free from manufacturing defects." Under its express terms, the warranty began "at the time of completion of installation" and ran, in the case of the shingles at issue, for 20 years. Beyond the first year of installation, IKO agreed to pay a pro rata portion of the cost of replacing defective shingles (labor not included) depending upon the length of the then "unexpired term of the applicable warranty period."

Shortly after installation of the shingles on the hotel complex, many cracked or suffered sections of "blow-off." Plaintiffs ultimately sued defendants in 1994 claiming breach of warranty. At issue on appeal are orders of Supreme Court which (1) granted Ward's motion for summary judgment on the basis that it made no warranty to plaintiffs, and (2) denied IKO's motion for similar relief finding that the warranty claim was not untimely.

We begin with Supreme Court's denial of summary judgment to IKO. IKO principally argues that the subject warranty does not constitute a warranty of future performance because it is limited to the repair or replacement of goods. As such, it contends, plaintiffs' claim is governed by a four-year statute of limitations which accrues at the time of delivery of the goods, not when the breach is discovered (*see* UCC 2-725 [1], [2]). Thus, the argument continues, plaintiffs' claim filed some six years after delivery is time-barred. IKO cites a series of cases to support this general proposition (*see e.g. Gianakakos v Commodore Home Sys.*, 285 AD2d 907, 908 [2001], *lv denied* 97 NY2d 606 [2001]; *Hull v Moore's Mobile Homes Stebra*, 214 AD2d 923, 924 [1995]; *Liecar Liqs. v CRS Bus. Computers*, 205 AD2d 868, 870 [1994]). While IKO's warranty, fairly read, is indeed limited to repair or replacement, we nonetheless find that dismissal of plaintiffs' complaint against IKO is unwarranted.

As appropriately noted in *Shapiro v Long Is. Light. Co.* (71 AD2d 671 [1979]): "Because the contract warranty is good for [20] years by its own terms, it is evident that it survives the four-year Statute of Limitations *in some respects*. The seller has promised to replace [defective shingles] for [20] years and that promise is undoubtedly enforceable by the buyer" (*id.* at 671 [emphasis added]).

Thus, here, plaintiffs should be permitted to enforce the explicit terms of the limited warranty if they can establish at trial that the shingles were indeed defective. Unlike the Court in *Shapiro*, however, we see no efficacy in acknowledging the exis-

tence of a legally viable claim and simultaneously dismissing the complaint with leave to replead. Since our jurisdiction is coterminus with that of Supreme Court, plaintiffs' complaint shall be deemed amended to recite a cause of action for enforcement of the limited warranty as written. We also find no merit to IKO's alternate argument that plaintiffs' submissions on the motion failed to adequately rebut its proof that the shingles were free from manufacturing defects.

Lastly, plaintiffs argue that Supreme Court erred in dismissing their complaint against Ward. In this regard, we perceive no error. The warranty referenced in oral representations by Ward and recited on invoices could only have been construed to be a *manufacturer's* warranty. To this end, we note that the person who ordered the shingles for plaintiffs was himself a former, long-term employee and retail sales manager for Ward.

Spain, J.P., Mugglin and Rose, JJ., concur. Ordered that the order entered April 30, 2003 is modified, on the law, without costs, by amending plaintiffs' complaint to recite a cause of action for enforcement of the limited warranty, and, as so modified, affirmed. Ordered that the order entered September 2, 2003 is affirmed, without costs.