RUST-PRUF CORPORATION v FORD MOTOR COMPANY

Docket No. 103491. Submitted August 8, 1988, at Detroit. Decided
   October 4, 1988. Leave to appeal applied for.

   Rust-Pruf Corporation is in the business of providing supplemen-
     tal protection against rust-out in new automobiles, for which
     Rust-Pruf provided a limited warranty in addition to any
     warranty provided by the manufacturer. Rust-Pruf provided
     this service to owners of new automobiles produced by Ford
     Motor Corporation. Ford provided a limited warranty against
     "perforation from corrosion." When a rust-out problem devel-
     oped in certain Ford vehicles which was covered by Rust-Pruf's
     warranty but not by Ford's warranty, Rust-Pruf made the
     necessary repairs on the automobiles and received assignments
     of the owner's claims against Ford. Rust-Pruf commenced a
     products liability action in Wayne Circuit Court against Ford
     Motor Company, alleging that the rust-out problem was the
     result of Ford's defective design or manufacture of the vehicles.
     Ford moved for summary disposition. The trial court, Sharon
     Tevis Finch, J., granted the motion on the basis that, where
     there exists a warranty covering goods and only economic
     losses relating to the goods themselves are claimed, there exists
     no actionable products liability claim. Plaintiff appealed.

   The Court of Appeals held:

   Summary disposition was properly granted. Plaintiff claims
     as damages only economic losses relating to the vehicles them-
     selves. Since the vehicles were covered by a warranty from
     defendant, recovery, if any, must be under that warranty
     rather than under a products liability claim based on defective
     design or manufacture.

   Affirmed.

PRODUCTS LIABILITY — WARRANTIES — SUMMARY DISPOSITION.

   Summary disposition in favor of the defendant is properly
     granted on a products liability claim which is based on an
     allegation of the defective design or manufacture of goods

REFERENCES
Am Jur 2d, Products Liability §§ 450 et seq., 970.
See the Index to Annotations under Products Liability.

where the goods in question are covered by a warranty and the only loss alleged is economic loss to the goods themselves.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Donald J. Gaslorek* and *Lionel J. Postic*), for plaintiff.

*James C. Curtiss,* for defendant.

Before: SULLIVAN, P.J., and HOOD and J. B. BRUFF,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting defendant's motion for summary disposition. We affirm.

Plaintiff, Rust-Pruf Corporation, is in the business of applying certain chemical materials to new automobiles for the purpose of preventing "rust-out." Rust-out apparently is the damage caused by oxidation or rusting which progresses from the inside of the vehicle out, rather than exterior rusting such as would occur when paint chips. Rust-Pruf provided this service to owners of new Ford vehicles. The service is covered by a limited warranty set out in a warranty certificate. Ford also provides the purchasers of new vehicles with a limited warranty which covers "perforation from corrosion." The Rust-Pruf warranty typically extends beyond the lifetime of the Ford warranty.

A rust-out problem apparently developed in certain vehicles which was not covered by Ford's warranty but which was covered by Rust-Pruf's. Rust-Pruf completed the necessary repairs to the vehicles and received assignments of the owners' claims against Ford.

This action was not brought to enforce or challenge the Ford warranty. It was brought as a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

products liability claim. Plaintiff's theory is that the rust-out was the result of Ford's defective design or manufacture and finish of the vehicles which prevented Rust-Pruf from adequately treating the vehicles. As stated by plaintiff: "The question is whether a manufacturer is liable for damage to a product that results from an inherent defect in that product."

Summary disposition may be granted under MCR 2.116(C)(8) where the pleadings indicate that plaintiff's claim is so clearly unenforceable that no factual development could justify recovery, or under MCR 2.116(C)(10) where review of the evidence indicates it is not possible for the claim to be supported at trial. *Sumpter v Kosinski,* 165 Mich App 784, 799; 419 NW2d 463 (1988).

The trial court granted defendant's motion for summary judgment under MCR 2.116(C)(8) and (10) on the basis that, under *Great American Ins Co v Paty's, Inc,* 154 Mich App 634; 397 NW2d 853 (1986), lv den 428 Mich 874 (1987), there is no cause of action for the economic loss claimed by plaintiff. We agree with the trial court.

Plaintiff in *Great American* was an insurance company, the subrogee of the purchaser of a combine manufactured by Massey-Ferguson, Inc., and sold by Paty's, Inc., which had caught fire allegedly because of a design defect. The fire occurred after the manufacturer's warranty had expired. Plaintiff sought recovery for damages to the combine caused by defendant Massey-Ferguson's negligent design, manufacture and testing of the combine.

The *Great American* Court agreed that summary disposition in favor of defendant was appropriate, applying *McGhee v GMC Truck & Coach Division,* 98 Mich App 495; 296 NW2d 286 (1980). As stated in *McGhee, supra,* p 505:

> We agree that no cause of action is stated in the complaint, where the foundation of the relationship between the parties is contractual and no personal injury or damage to property other than the subject goods themselves is alleged.

*Great American* is strikingly similar to the instant case. As in *Great American,* the plaintiff is the assignee of the purchaser's rights against the manufacturer. The assignors purchased the products from authorized dealers of the manufacturer. The products were subject to limited express warranties provided by the manufacturers which disclaimed any and all other express or implied warranties. Just as in *Great American,* plaintiff alleges no personal injury or damage to property other than to the product itself, which damage occurred after expiration of the limited express warranty.

As in *Great American,* Ford's express warranty establishes the contractual relationship between the parties. An express warranty is an "affirmation of fact or promise made by the seller to the buyer." MCL 440.2313; MSA 19.2313. As such, it sets forth the extent to which the manufacturer is willing to bind itself to the purchaser and the rights that can be enforced by the purchaser against the manufacturer. *Great American, supra,* p 641. In its warranty, Ford set forth the extent to which it was willing to be responsible for corrosion, just as Rust-Pruf did in its warranty. As noted by the *McGhee* Court, quoting *S M Wilson & Co v Smith International, Inc,* 587 F2d 1363, 1376 (CA 9, 1978), to allow recovery in this situation would be to confuse the consumer's disappointment in the sales contract with the "disaster" required to support a claim in tort.

Plaintiff's reliance on *Southgate Community*

*School Dist v West Side Construction Co,* 399 Mich 72; 247 NW2d 884 (1976), *Spence v Three Rivers Builders & Masonry Supply, Inc,* 353 Mich 120; 90 NW2d 873 (1958), *Auto Owners Ins Co v Chrysler Corp,* 129 Mich App 38; 341 NW2d 223 (1983), and *Cova v Harley Davidson Motor Co,* 26 Mich App 602; 182 NW2d 800 (1970), does not convince us that a different result is required. None of these cases directly addresses the issue here. *Southgate* concerned a statute of limitations question and the other cases considered aspects of lack of privity and plaintiff's ability to recover. All were concerned with implied warranties and there were no contractual relationships detailing the rights and liabilities of the parties. These decisions do not conflict with or undermine the rule set forth in *McGhee* and *Great American.* See *A C Hoyle Co v Sperry Rand Corp,* 128 Mich App 557, 563; 340 NW2d 326 (1983).

Given the existence of the Ford warranty and the fact that Rust-Pruf alleges no injury other than economic loss, the trial court did not err in granting summary disposition.

Affirmed.