**MERCHANTS PUBLISHING CO., Plaintiff,**

v.

**MARUKA MACHINERY CORP. OF AMERICA and Akiyama Corp. of America, Defendants.**

No. 4:91–CV–86.

United States District Court, W.D. Michigan, S.D.

May 13, 1992.

Alan H. Silverman, Barbara H. Donnelly, Alan H. Silverman, P.C., Kalamazoo, Mich., for plaintiff.

Sharon J. LaDuke, George A. Sumnik, Jaffe, Snider, Raitt & Heuer, P.C., Detroit, Mich., James P. McCabe, Kelley, Drye & Warren, New York City, John J. Quinn, Los Angeles, Cal., for defendant Maruka Machinery Corp. of America.

Grant J. Gruel, Thomas R. Behm, Gruel, Mills, Nims & Pylman, Grand Rapids, Mich., for defendant Akiyama Corp. of America.

## MEMORANDUM OPINION AND ORDER

ROBERT HOLMES BELL, District Judge.

Maruka Machinery Corporation of America ("Maruka") moves, pursuant to Fed. R.Civ.P. 12(b)(6), to dismiss Counts V, VI, and VII in Merchants Publishing Company's ("Merchants") First Amended Complaint. For the reasons that follow, the Court GRANTS the motion.[1]

This action began about a year ago. Merchants, complaining of faulty printing presses it received from Maruka, filed a complaint, alleging a variety of contractual, statutory and fraud/misrepresentation-based claims.

Shortly thereafter, Maruka moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss certain claims in that complaint. Some of those claims were: Count IV, alleging fraud and misrepresentation; Count V, alleging innocent and negligent misrepresentation; and Count VI, requesting rescission of contract.

The Court heard oral arguments on Maruka's motion to dismiss on October 3, 1991.[2] At the conclusion of the arguments, the Court granted Maruka's motion in part, dismissing, among other claims, much of the operative portions of Counts IV and V, as well as all of Count VI. *See* Hearing Transcript at 25–28. In its bench ruling, the Court concluded that the operative allegations in those claims were lacking. More specifically, the Court ruled that since the majority of the allegations relating to those claims spoke of Maruka's future promises, they did not speak of fraud, which requires a statement relating to a past or an existing fact. *See id.* at 26–28 (relying on *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813 (1976); *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 940 (6th Cir.1989)). The Court pointed out that these allegations were couched with the term, "would." *See id.* at 27–28. In addition, the Court concluded that some of the allegations in the counts spoke to Maruka's puffery, not its fraud. *Id.* (relying on *Van Tassel v. McDonald Corp.*, 159 Mich.App. 745, 750, 407 N.W.2d 6 (1987)). The Court accordingly held that certain portions of Counts IV and V and all of Count VI could not be maintained as fraud/misrepresentation-based claims.

Subsequently, Merchants filed its First Amended Complaint. Two general sets of changes are apparent in the amended complaint: first, Merchants has added a new party defendant, Akiyama Corporation of America ("Akiyama"), and new allegations relating to Akiyama; second, the new complaint re-alleges some of the previously dismissed counts.

---

1. After examining the briefs and court file, the Court has determined that oral argument would not materially assist the determination of this motion. *See* W.D.Mich.L.R. 28(d) (in its discretion, the court may dispose of the motion without argument at the end of the briefing schedule). The motion is therefore submitted without oral argument.

2. The Court also heard Merchants's motion for partial summary judgment at that time.

Focusing on the second set of changes, which is at issue here, the amended complaint recasts a fraud and misrepresentation claim (as Count V); an innocent and negligent misrepresentation claim (as Count VI); and a rescission of contract claim (as Count VII). As recasted, the operative allegations are as follows:

Count V—Fraud and Misrepresentation

\* \* \* \* \* \*

57. Akiyama and/or Maruka made the following representations to Merchants knowing them to be false or with reckless disregard as to the truth or falsity of the statements:

 a. The contract between the parties was for Akiyama's "new model" press;

 b. The Supplemental Sales Agreement, executed between the parties on September 19, 1988, provided for "electronic sheet detection devices ... able to detect whether the subject has been printed on or not." (Item 1, paragraph A).

\* \* \* \* \* \*

Count VI—Innocent and Negligent Misrepresentation

\* \* \* \* \* \*

63. Akiyama and/or Maruka made the following representations to Merchants negligently which representations it should have known were false:

 a. The contract between the parties was for Akiyama's "new model" press;

 b. The Supplemental Sales Agreement, executed between the parties on September 19, 1988, provided for "electronic sheet detection devices ... able to detect whether the subject has been printed on or not." (Item 1, paragraph A).

\* \* \* \* \* \*

Count VII—Rescission of Contract

\* \* \* \* \* \*

72. Merchants signed the Additional Agreement in reliance on Akiyama's and/or Maruka's representations including, but not limited to the following:

 a. The new Akiyama presses, models BT 640 and BT 640 BCL, purchased by Merchants were fully operable and free from defects;

 b. Maruka and/or Akiyama had agreed to and had the ability to modify the presses to include certain mechanical features, including the incorporation of "electronic sheet detection devices ... able to detect whether the subject has been printed or not." (Supplemental Sales Agreement, item 1, paragraph A).

Facing this new complaint, Maruka again moves, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the fraud/misrepresentation-based claims, Counts V, VI, and VII, of the First Amended Complaint. Maruka advances two arguments: (1) that the law of the case doctrine precludes re-litigation of the re-alleged claims that are substantially similar; and (2) that the Merchants's re-alleged claims are not grounded on factual misrepresentations, but promises contractual in nature. The Court agrees in part.

 To begin the analysis, the doctrine of the law of the case is inapplicable here. Under that doctrine, "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *United States v. Todd,* 920 F.2d 399, 403 (6th Cir. 1990) (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988)). "This doctrine serves to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing suit." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 at 788 (1981). The law of the case doctrine, however, does not apply in certain situations. For example, "[a]s would be expected, questions that have not been decided do not become law of the case merely because they could have been decided." *Id.* at 788–89. In this case, the Court's bench ruling of October 3, 1991 was narrow. And though the Court could have decided that various allegations in the dismissed fraud/misrepresentation-based claims were of contractual nature, it did not do so.

■ Nonetheless, Merchants's re-alleged claims cannot survive further scrutiny. It is patent, even from a cursory review, that the operative allegations in Counts V, VI, and VII of the First Amended Complaint are of contractual nature. *See supra.* These operative allegations in the claims would not arise without the existence of the putative contracts between the parties. Such allegations therefore cannot be maintained as tort-based claims. *See Brock v. Consolidated Biomedical Labs.*, 817 F.2d 24, 25 (6th Cir.1987) (explaining that it is well-settled under Michigan law that an action in tort requires a breach of duty separate and distinct from a breach of contract; that "an action in tort will not arise for a breach of contract unless the action in tort would arise independent of the existence of the contract.").

Accordingly, Maruka's motion is GRANTED. Counts V, VI, and VII of Merchants's First Amended Complaint are hereby DISMISSED.

IT IS SO ORDERED.