**Terry L. SNYDER, Plaintiff,**

v.

**BOSTON WHALER, INC. and West Shore Marine, Inc., Defendants.**

No. 1:93–CV–517.

United States District Court,
W.D. Michigan,
Southern Division.

Aug. 2, 1994.

Frank J. DeFrancesco, DeFrancesco & DeFrancesco, St. Joseph, MI, Barry F. McDonnell, Kenefick, Gilmore & Bergerson, Michigan City, IN, for Terry L. Snyder.

Frank Nizio, Bowman and Brooke, Minneapolis, MN, Diana L. Fernando, Bowman & Brooke, Detroit, MI, Peter J. Agostino, Edward N. Kalamaros & Associates, South Bend, IN, for Boston Whaler, Inc.

Craig R. Noland, Smith, Haughey, Rice & Roegge, P.C., Grand Rapids, MI, for West Shore Marine, Inc.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This action arises out of the alleged sinking of a Boston Whaler boat ("the boat"). Pending before the Court are defendant Boston Whaler, Inc.'s motion for summary judgment and defendant West Shore Marine, Inc.'s motion for judgment on the pleadings and/or summary judgment. For the reasons set forth below, the Court will grant defendants' motions.

### I.

Plaintiff alleges that he purchased the boat on or about August 17, 1984, for his charter fishing business and, to a lesser degree, for personal use. Plaintiff further alleges that the boat sank on or about May 14, 1991, and on or about May 26, 1992, while it was docked in Lake Michigan. Accordingly, plaintiff filed this action against Boston Whaler, Inc. ("Boston Whaler"), the boat's designer, manufacturer, and distributor and West Shore Marine, Inc. ("West Shore"), the boat's retail merchant.[1] In response, defendants filed the instant motions.

### II.

Because defendants request judgment on the pleadings, the Court must accept as true the material allegations in plaintiff's complaint. *Summit Health Ltd. v. Pinhas,* 500 U.S. 322, 325, 111 S.Ct. 1842, 1844–45, 114 L.Ed.2d 366 (1991). The Court must construe the complaint in the light most favorable to plaintiff. However, the Court is not required to accept as true plaintiff's legal conclusions or any unwarranted factual inferences. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). The Court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

Summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son. Inc. (In re Atlas Concrete Pipe, Inc.),* 668 F.2d 905, 908 (6th Cir.1982). There is no material

[1] Plaintiff alleges breach of express warranty and breach of implied warranty against both defendants. In addition, plaintiff alleges the following claims against West Shore: revocation of acceptance; breach of Michigan's Consumer Protection Act; breach of the Magnuson–Moss Warranty Act; fraud; negligent misrepresentation; and innocent misrepresentation.

issue of fact for trial unless, in viewing the evidence in favor of the nonmoving party, a reasonable fact finder could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once this has been done, the nonmoving party must come forward with specific facts showing that there is a material issue of fact on an issue which the nonmoving party will bear the burden of proof at trial. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

### III.

Plaintiff brings claims against both defendants for breach of express and implied warranties under the Uniform Commercial Code. Under the Uniform Commercial Code, breach of warranty actions accrue at tender of delivery, unless the warranty explicitly extends to future performance:

(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. . . .

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Mich.Comp.Laws Ann. § 440.2725(1)–(2) (West 1967).

Plaintiff alleges that the express warranties explicitly extended to future performance, because defendants expressly warranted that the boat was a new boat, which was unsinkable and which included a ten year warranty covering the boat's hull. Plaintiff further alleges that defendants breached the express warranties, because the boat was a prototype boat that was not "unsinkable" and that did not come with the ten year warranty.

A warranty extends to future performance when the warranty explicitly provides that the goods will be free from defects for a specific period of time. *Executone Business Systems Corp. v. IPC Communications, Inc.,* 177 Mich.App. 660, 442 N.W.2d 755, 758–60 (1989), *lv. appeal denied,* 434 Mich. 879 (1990); *see also Standard Alliance Industries, Inc. v. Black Clawson Co.,* 587 F.2d 813, 820–21 (6th Cir.1978), *cert. denied,* 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979) (cited with approval by *Executone, supra* ).

First, the alleged express warranty that the boat was "unsinkable" does not refer to a specific period of time. The Sixth Circuit has held:

[A]n express warranty which makes no reference at all to any future date should not be allowed to extend past the limitations period. Thus, where a manufacturer warrants that a welder will meet certain performance warranties, but makes no mention of how long the warranties are meant to last; the statute of limitations begins to run at delivery.

*Standard Alliance,* 587 F.2d at 820 (citations omitted). Therefore, the alleged express warranty that the boat was "unsinkable" does not explicitly extend to future performance.

Second, the express warranty that the boat came with a ten year hull warranty does not refer to a specific period of time. In his first amended complaint, plaintiff does not allege that defendants expressly warranted the boat for ten years. Instead, plaintiff alleges that defendants expressly warranted that the boat

was a new boat that included a particular warranty. The breach alleged is that the boat was a prototype boat that did not come with the warranty. Accordingly, the warranty alleged did not explicitly extend to future performance.

Plaintiff does not argue that any implied warranties extended to future performance. The Sixth Circuit has stated:

> In the absence of explicit agreement, ... UCC § 725(2) [Mich.Comp.Laws Ann. § 440.2725(2) (West 1967)] ... is applicable. This policy consideration underlying § 2–725 makes it acceptable to bar implied warranty claims brought more than a specified number of years after the sale; otherwise merchants could be forever liable for breach of warranty on any goods which they sold.

*Standard Alliance,* 587 F.2d at 820 (citations omitted).

■ The Court finds that none of the alleged express or implied warranties explicitly extended to future performance. Therefore, plaintiff's breach of warranty claims accrued upon tender of delivery. Plaintiff alleges that he purchased the boat on or about August 17, 1984. Plaintiff asserts that the proposal for the boat from West Shore is dated August 17, 1984, the purchase was "consummated" on or about August 31, 1984, and he received title on December 18, 1984. Plaintiff filed the instant action on November 5, 1992, and he filed a first amended complaint on November 29, 1993. Even assuming that tender of delivery was as late as December 18, 1984, the four year statute of limitations bars plaintiff's warranty claims. Therefore, the Court will dismiss counts I and II of plaintiff's first amended complaint.

### IV.

■ In count III, plaintiff alleges revocation of acceptance as to West Shore. Plaintiff argues that he revoked acceptance of the boat under the Uniform Commercial Code and he claims damages under the Code pursuant to his revocation. A buyer may revoke acceptance where the seller's breach of warranty constitutes substantial impairment in the goods' value to the buyer. *Fargo Mach. & Tool Co. v. Kearney & Trecker*

*Corp.,* 428 F.Supp. 364, 377 (E.D.Mich.1977); Mich.Comp.Laws Ann. § 440.2608 (West 1967). However, as discussed in section III, plaintiff's warranty claims are time-barred. Plaintiff's revocation claim is barred as well, because plaintiff's right to revoke is based upon a finding that defendants breached a warranty. Therefore, the Court will dismiss count III of plaintiff's first amended complaint.

### V.

■ In count IV, plaintiff claims that West Shore violated Michigan's Consumer Protection Act. Mich.Comp.Laws Ann. §§ 445.901 *et seq.* (West 1989). West Shore argues that the act's statute of limitations bars plaintiff's claim:

> An action under this section shall not be brought more than 6 years after the occurrence of the method, act, or practice which is the subject of the action nor more than 1 year after the last payment in a transaction involving the method, act, or practice which is the subject of the action, whichever period of time ends at a later date....

Mich.Comp.Laws Ann. § 445.911(7) (West 1989). The alleged violations occurred at the time of purchase. The latest purchase date plaintiff asserts is December 18, 1984. Plaintiff did not assert a claim under the Consumer Protection Act until November 29, 1993, when he filed his first amended complaint.

Plaintiff contends that he borrowed money to pay for the boat and he has not made the final payment to the bank. Plaintiff concludes that statute of limitations has not run, because he is still making payments in connection with the boat. West Shore responds that plaintiff made his final payment to West Shore in August 1984 and that therefore the statute of limitations bars plaintiff's claim.

The statute's language is clear. The one year period begins "after the last payment in a transaction involving the method, act, or practice which is the subject of the action." Mich.Comp.Laws Ann. § 445.911(7) (West 1989). West Shore's sale of the boat to plaintiff is the transaction which is the subject of this action. Plaintiff's loan arrangements are not the subject of this action. The

last payment in the subject transaction was in August 1984. Therefore, the six year limitations period is applicable, because it is the longer of the two periods.

The Court finds that the statute of limitations bars plaintiff's claim under the Consumer Protection Act. Therefore, the Court will dismiss count IV of plaintiff's first amended complaint.

## VI.

 In count V, plaintiff alleges that West Shore violated the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* Magnuson–Moss does not contain a statute of limitations. Generally, when a federal statute does not provide a statute of limitations, a court must borrow the most analogous state limitations period. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 355–56, 111 S.Ct. 2773, 2778, 115 L.Ed.2d 321 (1991). Thus, "we may assume that, in enacting remedial legislation, Congress ordinarily 'intends by its silence that we borrow state law.'" *Id.* (citation omitted). On the rare occasion "when the operation of a state limitations period would frustrate the policies embraced by the federal enactment [courts look] to federal law for a suitable period." *Id.*

The Court finds that borrowing the state Uniform Commercial Code statute of limitations would not frustrate the remedial policies of Magnuson–Moss. *Id.* at 355–58, 111 S.Ct. at 2778–79. The Court further finds that the Uniform Commercial Code statute of limitations is the closest analogous state limitations period. Mich.Comp. Laws Ann. § 440.2725 (West 1967). For the reasons set forth in section III of this Opinion, the statute of limitations bars plaintiff's Magnuson–Moss claims. The Court therefore will dismiss count V of plaintiff's first amended complaint.

## VII.

 In count VI, plaintiff alleges claims of fraud, negligent misrepresentation, and innocent misrepresentation against West Shore. West Shore argues that Michigan's economic loss doctrine bars plaintiff's claims. The Michigan Supreme Court has held that when a plaintiff seeks recovery for economic loss caused by a defective product purchased for commercial purposes, the plaintiff's exclusive remedy is provided by the Uniform Commercial Code, including its limitations period. *Neibarger v. Universal Cooperatives, Inc.,* 439 Mich. 512, 486 N.W.2d 612, 618 (1992).

Plaintiff argues that the economic loss doctrine does not apply, because he purchased the boat both for "commercial" and "personal" use. However, the *Neibarger* court explained the economic loss doctrine as follows:

> The economic loss doctrine, simply stated, provides that "'[w]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only "economic" losses.'" This doctrine hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts.

*Neibarger,* 486 N.W.2d at 615 (citations omitted). The Court finds that this action arises out of a sale of goods in which economic interests were central. Plaintiff's economic expectations were frustrated because the boat allegedly did not work properly. This case involves economic losses, not accident or personal injury. *Id.; see also Bailey Farms, Inc. v. NOR–AM Chemical Co.,* 27 F.3d 188, 192 (6th Cir.1994) (Economic loss doctrine applies where damages "were purely economic and consequential, and there was no accident or physical injury."). Accordingly, the economic loss doctrine applies.

 Plaintiff further argues that the economic loss doctrine does not extend to fraud and misrepresentation claims. The Court disagrees. The Sixth Circuit has held as follows:

> [T]he principles and rationale set forth in *Neibarger* bar any recovery for economic losses based upon the tort of negligent

misrepresentation.... [T]he claim nonetheless fails under Michigan law, which holds that an action in tort requires a breach of duty separate and distinct from a breach of contract.... We think equally true here that the "operative allegations in the claims would not arise without the existence of the putative contracts between the parties[,] [and that] [s]uch allegations therefore cannot be maintained as tort-based claims." *Merchants Publishing Co. v. Maruka Mach. Corp. of America*, 800 F.Supp. 1490, 1493 (W.D.Mich.1992) (actions for fraud, negligent misrepresentation and rescission of contract action with sale of faulty printing press cannot be maintained in tort under Michigan law because claims derive existence out of contracts between the parties). Finally, we note that the UCC contains a specific remedy for misrepresentation or fraud. See Mich.Comp.Laws Ann. § 440.2721 (West 1967).

*Bailey Farms, supra,* at 191.

The Court finds that plaintiff's claims of fraud, negligent misrepresentation, and innocent misrepresentation against West Shore are not tort claims arising independently of the parties' contract. *Id.; see also Merchants Publishing*, 800 F.Supp. at 1493. In essence, the alleged misrepresentations are "promises contractual in nature." *Merchants Publishing*, 800 F.Supp. at 1492. Again, plaintiff's tort claims arise only because the boat did not work as it was supposed to work. *Neibarger*, 486 N.W.2d at 615. Plaintiff's exclusive remedy is provided by the Uniform Commercial Code. Therefore, the Court will dismiss count VI of plaintiff's first amended complaint.

## VIII.

For the foregoing reasons, the Court finds that the statute of limitations bars plaintiff's claims under the Uniform Commercial Code for breach of express and implied warranties. The Court therefore will dismiss counts I and II of plaintiff's first amended complaint. The Court further finds that plaintiff's revocation of acceptance claim against West Shore is time-barred. The Court therefore will dismiss count III of plaintiff's first amended complaint.

The Court next finds that the statute of limitations bars plaintiff's claims against West Shore under both Michigan's Consumer Protection Act and the Magnuson–Moss Warranty Act. Therefore, the Court will dismiss counts IV and V of plaintiff's first amended complaint.

Finally, the Court finds that Michigan's economic loss doctrine bars plaintiff's fraud, negligent misrepresentation, and innocent misrepresentation claims. Therefore, the Court will dismiss count VI of plaintiff's first amended complaint.

### ORDER and JUDGMENT

In accordance with the Opinion dated August 2, 1994, IT IS HEREBY ORDERED that defendant Boston Whaler, Inc.'s motion for summary judgment (pleading no. 65) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's claims against Boston Whaler, Inc., are DISMISSED.

IT IS FURTHER ORDERED that defendant West Shore Marine, Inc.'s motion for judgment on the pleadings and/or for summary judgment (pleading no. 62) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's claims against West Shore Marine, Inc., are DISMISSED.

IT IS SO ORDERED.