# STATE OF MICHIGAN

# COURT OF APPEALS

THE GROSSE POINTE LAW FIRM, PC, also
known as LAW OFFICE OF ALAN BROAD, PC,

FOR PUBLICATION
September 22, 2016

Plaintiff-Appellant,

v

No. 326312
Macomb Circuit Court
LC No. 2012-005249-CK

JAGUAR LAND ROVER NORTH AMERICA,
LLC, ROVER MOTORS OF FARMINGTON
HILLS LLC, doing business as LAND ROVER
FARMINGTON HILLS, JAGUAR AND LAND
ROVER OF MACOMB, LLC, doing business as
JAGUAR LAND ROVER OF LAKESIDE, and
ELDER AUTOMOTIVE GROUP,

Defendant-Appellees.

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

BECKERING, P.J., (*concurring*).

I concur in the result reached by my colleagues and write separately to discuss how the Magnuson-Moss Warranty Act (MMWA), 15 USC 2301 *et seq*., provides a different path to the same result, while also providing logical and persuasive support for the majority's decision.

Congress enacted the MMWA in 1974 to "improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products." 15 USC 2302(a). The MMWA does not require a consumer product to be warranted, 15 USC 2302(b)(2), but where a warranty is provided, it is subject to the MMWA's regulatory scheme, 15 USC 2302(a); 16 CFR 700.1 *et seq*. If a product fails, the warrantor may elect repair, replacement, or refund as a remedy. 15 USC 2301(10). If the warrantor elects to repair the product, but it cannot be repaired after a reasonable number of attempts, the "warrantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part (as the case may be)." 15 USC 2304(a)(4). Subject to provisions inapplicable to the case

-1-

at bar,[1] the MMWA provides for a private right of action for consumers in state or federal court when suppliers, warrantors, or service contractors violate its provisions.  15 USC 2310(d)(1).

As the majority points out, the MMWA has no statute of limitations.  Where there is no federal statute of limitations expressly applicable to a suit, "courts apply the most closely analogous statute of limitations under state law."  *DelCostello v Int'l Brotherhood of Teamsters*, 462 US 151, 158; 103 S Ct 2281; 76 L Ed 2d 476 (1983).  As the majority further explains, the most analogous statute of limitations is Michigan's Uniform Commercial Code (UCC) 2-275, codified in Michigan as MCL 440.2725.[2]  See *Snyder v Boston Whaler, Inc*, 892 F Supp 955 (WD Mich, 1994).[3]  Thus, the four-year statute of limitations found in MCL 440.2725 also applies to plaintiff's MMWA claim.  The question at issue is when the statute of limitations begins to run.

Whereas the UCC refers to "express warranties" (which may be oral or written) and "implied warranties," MCL 440.2313 to MCL 440.2315, the MMWA refers to "written warranties" (full or limited) and "implied warranties," 15 USC 2301(6) and (7) and 15 USC 2303.  Broader than the UCC's definition of "express warranty," the MMWA's definition of "written warranty" encompasses:

> (A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

> (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the

---

[1] See 15 USC 2310(a)(3) and (e), addressing alternative dispute resolution and class actions respectively.

[2] MCL 440.2725 provides in pertinent part:

> (1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued.  By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

[3] Although lower federal court decisions may be persuasive, they are not binding on state courts. *Abela v General Motors Corp*, 469 Mich 603, 606-607; 677 NW2d 325 (2004).

specifications set forth in the undertaking, which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product. [15 USC 2301(6).]

For the reasons set forth by my colleagues, the warranty to repair or replace defective components at issue in the instant case does not meet the criteria of an "express warranty" under the UCC. However, it does meet the criteria of a "written warranty" under the provision of the MMWA quoted above, 15 USC 2301(6)(B).

Some courts have elected to treat a written warranty under the MMWA the same as an express (or implied) warranty under the UCC for purposes of determining an accrual date if the written warranty does not fall within the recognized exception to the general rule that a breach accrues on the date of delivery. For example, one federal district court held that a repair-or-replace warranty does not extend the accrual date unless the warranty "(1) involves specific contractual obligations that can be deemed to accrue after delivery, or (2) explicitly extends particular obligations beyond the four year period of warranty." *Jackson v Eddy's LI RV Ctr, Inc*, 845 F Supp 2d 523, 532 (ED NY, 2012). An example of the first condition would be a warranty that explicitly states that it accrues once the delivered goods are "in place," while an example of the second would be an express agreement to replace or repair a product beyond the statutory warranty period.[4] See *id*. Where neither condition is present, the court concluded, future performance of repair-or-replace obligations "cannot extend accrual of the statute of limitations beyond the date of delivery." *Id*.

This approach has been criticized on the ground that a promise to repair or replace could be unenforceable if breach of the promise occurred near the end of the four-year limitations period. See *Mydlach v DiamlerChrysler Corp*, 226 Ill 2d 307, 324-325; 314 Ill Dec 760; 875 NE2d 1047 (2007).[5] Further, if a cause of action for breach of a repair-or-replace promise is timely only if brought no later than four years after tender of delivery, manufacturers or sellers could "use the marketing advantage of longer repair warranty, yet escape the accompanying obligations of that warranty by pleading the statute of limitations in defense." *Id*. at 325. The latter possibility would be contrary to the purpose of the [MMWA], which is "to improve the adequacy of information available to consumers" and "prevent deception." 15 USC 2302(a).

Without differentiating between warranty and remedy as the majority does today, other courts have acknowledged the distinction between an express warranty under the UCC and a written warranty under the MMWA, and referred to non-UCC law to determine when a cause of action accrues for breach of a written promise to repair and replace falling under the MMWA's definition of written warranty. MCL 440.1103(2) ("Unless displaced by the particular provisions

---

[4] E.g., a 6-year/60,000-mile warranty on a vehicle's powertrain. See, e.g., *Cosman v Ford Motor Co*, 285 Ill App 3d 250; 220 Ill Dec 790; 674 NE2d 61 (1996).

[5] This Court is not bound by cases from other jurisdictions; it may, however, find the analyses contained in those cases to be helpful and persuasive. See *Ammex, Inc v Dep't of Treasury*, 273 Mich App 623, 639 n 15; 732 NW2d 116 (2007).

of [Michigan's UCC], the principles of law and equity . . . supplement its provisions."). They have concluded that breach of such promise occurs when the promised repair or replacement is not made. Restatement Contracts, 2d, § 235, p 211 ("When performance of a duty under a contract is due any non-performance is a breach."); see also *Woody v Tamer*, 158 Mich App 764, 771-773; 405 NW2d 213 (1987) (discussing the Second Restatement of Contracts). Thus, as the Illinois Supreme Court reasoned in *Mydlach*:

> Performance under a vehicle manufacturer's promise to repair or replace defective parts is due not at tender of delivery, but only when, and if, a covered defect arises and repairs are required. In that event, if the promised repairs are refused or unsuccessful, the repair warranty is breached and the cause of action accrues, triggering the four-year limitations period. [*Mydlach*, 226 Ill 2d at 323.]

The advantages to this interpretation, the Illinois Court noted, is that it ensures enforceability of a breach that occurred on the last day of the warranty period and supports the MMWA's purpose to prevent deception. See *id*. at 324-325. I find the analysis in *Mydlach* to be on point and persuasive.

In claims brought under the MMWA, a repair-or-replace warranty is a promise not regarding the quality, character, description, sample, or model of the goods—as it does not "warrant" the quality of the vehicle or its performance, and the goods cannot "conform" to the promise to repair[6]—but instead, it relates to an undertaking by the supplier of a product "to refund, repair, replace, or take other remedial action with respect to such product," 15 USC 2301(6)(B), if and when a defect arises during the warranty period.[7] MCL 440.2725 governs the limitations period, *DelCostello,* 462 US at 158, but, because such warranty does not meet the criteria of MCL 440.2313, non-UCC law governs the warranty's accrual date, MCL 440.1103(2).

---

[6] See *Cosman*, 285 Ill App 3d at 259.

[7] As stated in *Cosman*, "A promise to repair parts . . . for six years is a promise that the manufacturer will behave in a certain way, not a warranty that the vehicle will behave in a certain way." *Cosman*, 285 Ill App 3d at 257. "A promise to repair is simply not a promise of performance. On the contrary, in the arms length [sic] atmosphere of the market place, a promise to repair can more honestly be read as an admission that the thing sold might break, rather than a legally enforceable prediction that it will never need tending to." *Id*. at 260. Thus, the promise is "not breached until the seller fails to repair." *Id*. at 261. Finding that a repair-or-replace warranty qualifies as a written warranty under the MMWA that is breached when the seller fails to repair

> . . . . does the least violence to two legislative acts—the Uniform Commercial Code and the Magnuson-Moss Act—drafted without an eye on the other. It preserves a four year statute of limitations for promises that are part of a contract for the sale of goods, while recognizing that the Magnuson-Moss remedy for breach of a promise to repair cannot ripen until the promise is broken and has nothing to do with the inherent quality of the goods or their future performance. [*Id*.].

Accordingly, breach of the repair-or-replace warranty accrues when the duty to perform is not fulfilled, Restatement Contracts, 2d, § 235, p 211, and the consumer has four years after the breach to bring a cause of action, MCL 440.2725(1).[8]

The similarities between the MMWA path and the approach taken by my colleagues are clear: in both, repair-or-replace promises are not "express warranties" as defined by the UCC, non-UCC law dictates that accrual of a breach of such promise occurs when the promised repair or replacement is not made, and, once the promise is breached, the UCC's four-year statute of limitations governs the limitations period. However, whereas the majority relies on Michigan caselaw to differentiate between "warranty" and "remedy," the MMWA includes repair-or-replace promises in its definition of "written warranties." The significance of this difference in nomenclature is that, even where repair-and-replace promises are not distinguished from warranties under the UCC, persuasive authority still exists to find that plaintiff's claim under the MMWA survived.

/s/ Jane M. Beckering

---

[8] Contrary to this Court's perception in *Centennial Ins Co v Gen Electric Co*, 74 Mich App 169, 172; 253 NW2d 696 (1977), this approach does not extend a supplier's liability indefinitely. As explained in *Mydlach*:

> Because the promise to repair or replace defective parts is only good during the warranty period, the latest a breach of warranty can occur is at the very end of that period. Accordingly, the statute of limitations will expire, at the latest, four years after the warranty period has run. If breach of a repair warranty occurs earlier in the warranty period, the limitations period for that breach will expire sooner, but in no event will the warrantor's exposure extend beyond the warranty period, plus four years. [*Mydlach*, 226 Ill 2d at 325-326.]

Regardless, as noted by the majority, *Centennial* is not binding on this Court. MCR 7.215(J)(1).